IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PUERTO RICO HORSE OWNERS ASSOCIATION (PRHOA),** On behalf of its members<br><br>**Plaintiff,**<br><br>v.<br><br>**CAMARERO RACE TRACK CORPORATION; ERVIN RODRÍGUEZ,** its President; **CONFEDERACIÓN HÍPICA DE PUERTO RICO; RAFAEL MATOS,** its President, **NILDA FUENTES, ESQ**., and the Conjugal Partnership between them; **FERNANDO BONNET**, its Agent; and **JOHN DOES 1–10,**<br><br>**Defendants.** | CIVIL ACTION NO.<br><br>PROCEDURAL DUE PROCESS (42 U.S.C. §1983); EQUAL PROTECTION (42 U.S.C. §1983); TAKING WITHOUT JUST COMPENSATION (FIFTH & FOURTEENTH AMENDMENTS); FREEDOM OF SPEECH AND ASSOCIATION (FIRST AMENDMENT); SHERMAN ACT (15 U.S.C. §1, ET SEQ.); INTERSTATE HORSERACING ACT (15 U.S.C. §3001–3007); DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. §§2201–2202); TRIAL BY JURY DEMANDED |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Upon consideration of Plaintiff's Complaint and Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, the accompanying exhibits, declarations, and memorandum of law, and after due review of the factual and legal grounds presented therein, the Court finds that the standards for the issuance of a Temporary Restraining Order under Fed. R. Civ. P. 65(b) have been satisfied.

I.     **FINDINGS**

1.     <u>Likelihood of Success on the Merits</u>: The record before the Court demonstrates a substantial likelihood that Plaintiff will prevail on its claims that Camarero Race Track Corporation ("Camarero") conduct violates the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1985(3), the Interstate Horseracing Act (15 U.S.C. §§ 3001–3007), and Puerto Rico law. Plaintiff has shown that Camarero, acting under color of state law and

in concert with the Confederación Hípica de Puerto Rico ("CHPR"), has deprived Plaintiff and its members of statutory property rights and associational freedoms protected by federal law.

2.  <u>Irreparable Harm</u>: Plaintiff has demonstrated that, absent immediate injunctive relief, it will suffer irreparable harm, including deprivation of constitutional rights, loss of statutory income derived from simulcast-in wagering proceeds, reputational injury, disruption of operations, and a chilling effect on the members' right to freely associate. Such harms are immediate, continuing, and not compensable through monetary damages.

3.  <u>Balance of Equities</u>: The balance of equities strongly favors Plaintiff, as the requested injunction merely preserves the status quo and requires Camarero to comply with existing statutory obligations. Camarero will not suffer undue prejudice from adherence to lawful procedures.

4.  <u>Public Interest</u>: The public interest is served by ensuring compliance with Puerto Rico's statutory framework for the horse racing industry, preventing unconstitutional state action, and preserving fair and transparent management of wagering revenues.

**II.    ORDER**

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. <u>Temporary Restraining Order</u>.

    Defendant Camarero, and its officers, agents, employees, representatives, and all persons acting in concert with it, are hereby RESTRAINED AND ENJOINED, pending further order of this Court, from:

    a. Suspending, withholding, or otherwise interfering with the distribution of simulcast-in wagering proceeds to Plaintiff and its members as provided under 15 L.P.R.A. § 198 et seq.;

    b. Conditioning any payment or benefit upon Plaintiff's members' affiliation with any other association, including CHPR;

    c. Taking any further retaliatory, coercive, or discriminatory action against Plaintiff or its members arising from their exercise of constitutional and statutory rights; and

    d. Communicating any directive, instruction, or notice purporting to modify or suspend the statutory distribution of simulcast-in proceeds without express authorization from this Court.

2. <u>Order to Show Cause</u>.

Camarero is ORDERED TO SHOW CAUSE why a preliminary injunction should not issue continuing the restraints set forth herein for the pendency of this action. Camarero shall file a written response on or before [DATE], and appear before this Court for hearing on [HEARING DATE/TIME] in Courtroom [__], José V. Toledo Federal Building and U.S. Courthouse, San Juan, Puerto Rico.

3. <u>Duration and Security</u>.

This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date and time of entry unless extended for good cause shown or by consent of the parties pursuant to Fed. R. Civ. P. 65(b)(2).

Plaintiff shall post security in the amount of $_____ as the Court deems proper under Rule 65(c).

4. <u>Service</u>.

Plaintiff shall serve a copy of this Order, together with the Complaint and the Motion for Temporary Restraining Order, upon Camarero immediately by electronic means and by personal service, and shall file proof of such service forthwith.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this ___ day of _____, 2025.

_____
United States District Judge
District of Puerto Rico