

**PMB 287 B5, Calle Tabonuco Suite 216**
**Guaynabo PR 00968-3029**

**Tel/** 787-783-5675
**Email/** rrlawpr@gmail.com

VIA EMAIL: vazgra@vgrlaw.com y jnater@vgrlaw.com

October 24th, 2025

**María E. Vázquez Graziani, Esq.**
**Jessica E. Nater Cruzado, Esq.**
33 Calle Resolución
Suite 805
San Juan, PR 00920-2717

RE:    OFFER / DEMAND

Dear Counsel,

Greetings. I really want to thank both of you for the conference call held yesterday afternoon with Carlos García, Esq. ("Mr. García") and I. We were able to clarify most of our doubts regarding your client's letter dated October 17th, 2025 (the "Letter").

As per our conversation, you confirmed Camarero Race Track Corp.'s ("Camarero") determination to stop making payments to the Puerto Rico Horse Owners Association, Inc.'s ("PRHOA") members related to "*Simulcast-In*" is in response to the appealable partial judgment entered on August 22, 2025, at Docket 272 (the "Partial Judgment"), in the case CN2021CV00388 (the "State Court Case"). As we understood, you also confirmed that Camarero will continue to deduct all the items listed in PRHOA's complaint filed in the State Court Case but would deposit such amounts in an escrow account.

Regarding our position to the Letter, we made sure to inform you that PRHOA's Board of Directors is very displeased with its content and that we had been tasked with looking for an alternate resolution prior to taking further legal action. As a direct result of the Letter, PRHOA is losing members daily to the Confederación Hípica de Puerto Rico ("CHPR"), because PRHOA's members are no longer going to receive payments from the proceeds of the "*Simulcast-In*" betting system. PRHOA and its members feel that their rights to due process, free assembly and association are being violated by the actions of both Camarero and the CHPR. There is no doubt that the applicable law endows Camarero with powers that make it a state actor, as has been defined by the Supreme Court of the United States. The problem is aggravated if we take into account the fact that Camarero is the only racetrack in Puerto Rico, leaving PRHOA no other options than to submit to both Camarero's and CHPR's wills and requirements, may they be legal or not, in order to continue participating in the horse racing sport in Puerto Rico.

Certainly, we refuse your premise that there is "nothing else to do", other than eliminate PRHOA from participating in "*Simulcast-In*". Respectfully, both counsel have admitted and agree with PRHOA that the Partial Judgment is wrong in its analysis of the applicable law. During a previous phone call both Mr. García and myself stated that we felt it was time to do something drastic about the contractual situation that has been the genesis of this whole controversy. Yesterday, we went even further by suggesting that

it was time to cancel the existing contract between Camarero and CHPR dated January 23, 2007, which has as the expiration date December 31, 2010, and is being purposely renovated monthly (the "Contract").

We believe there is no legal impediment to cancelling the expired Contract; Camarero should be seeking to even the playing field by drafting a new, fair and more inclusive agreement. We strongly believe that Camarero cannot use the Contract as an excuse to let CHPR continue to oppress other horse owners deemed as their competition. Plainly said, CHPR's actions clearly constitute unfair practices and Camarero is at risk of being liable for collaborating with CHPR and their tactics to retaliate against PRHOA.

Furthermore, we believe that the Contract is insufficient and illegal when it allows for the participation of "*Simulcast-Out*" wagering while being contrary to the requirements of the Interstate Horse Racing, because it doesn't include the trainer's consent required by law in order to allow betting under this system. We believe the time to correct all these issues is now.

Considering the above, we request that Camarero enters into an agreement with PRHOA for the purposes of maintaining the *status quo* and allowing for the continued payment of "*Simulcast-In*" proceeds, so that our members keep receiving their statute-mandated income from "*Simulcast-In*" wagering and stop the bleeding of PRHOA's members who have had to affiliate with CHPR in order to receive fair compensation (the "Proposal"). Considering that November 1st, 2025, is around the corner, we are giving Camarero five (5) days to provide a response to the Proposal. If no response is received by said date or the response is insufficient to cure the above-referenced situation, we would be obliged to seek additional civil remedies to protect PRHOA and its members interests.

Please feel free to contact any of us in case of any questions regarding this offer.

Cordially,

**Ledo. Joel Rodriguez-Rodriguez**
jrodriguez@jaqb-law.com
rrlawpr@gmail.com