IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PUERTO RICO HORSE OWNERS ASSOCIATION (PRHOA),** On behalf of its members<br><br>**Plaintiff,**<br><br>v.<br><br>**CAMARERO RACE TRACK CORPORATION; ERVIN RODRÍGUEZ,** its President; **CONFEDERACIÓN HÍPICA DE PUERTO RICO; RAFAEL MATOS,** its President, **NILDA FUENTES, ESQ**., and the Conjugal Partnership between them; **FERNANDO BONNET**, its Agent; and **JOHN DOES 1–10,**<br><br>**Defendants.** | CIVIL ACTION NO.<br><br>PROCEDURAL DUE PROCESS (42 U.S.C. §1983); EQUAL PROTECTION (42 U.S.C. §1983); TAKING WITHOUT JUST COMPENSATION (FIFTH & FOURTEENTH AMENDMENTS); FREEDOM OF SPEECH AND ASSOCIATION (FIRST AMENDMENT); SHERMAN ACT (15 U.S.C. §1, ET SEQ.); INTERSTATE HORSERACING ACT (15 U.S.C. §3001–3007); DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. §§2201–2202); TRIAL BY JURY DEMANDED |

## CERTIFICATION

Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies as follows:

1. I am counsel for the Plaintiff, the Puerto Rico Horse Owners Association, Inc. ("PRHOA"), in the above-captioned case.

2. On this date, prior to filing the Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (the "Motion"), I made reasonable and good-faith efforts to provide notice of the complaint related to the Motion (the "Complaint"), as well as the Motion with all of its supporting documents, to Camarero Race Track Corporation ("Camarero") and Confederación Hípica de Puerto Rico ("CHPR") through their respective legal representatives, and to Fernando Bonnet ("Mr. Bonnet").

3. Specifically, I notified:

Counsel for Camarero, via email to María Elena Vázquez Graziani ("Ms. Vázquez") (vazgra@vgrlaw.com) and Jessica Nater (jnater@vgrlaw.com);

Counsel for CHPR, via email to Roberto Lefranc Morales (rlm@martilaw.com) and Ramón L. Rosario Cortés (rosario@prlegaladvisers.com); and

Mr. Bonnet via email at fernandobonnet13@gmail.com,

informing them of Plaintiff's intent to file the emergency motion, the nature of the relief sought, and that copies of the filed documents would be transmitted immediately upon filing.

4. Furthermore, with regards to Camarero, from to whom the request for a temporary restraining order is requested, the additional notices were made:

    a. yesterday I sent an email to Camarero's counsel, at the above-mentioned email addresses, requesting a resolution to the matters stated in the Complaint without success; and

    b. today a telephone conference was held between PRHOA's counsel and Ms. Vázquez, in which I discussed the remedies that PRHOA would request in the Federal District Court of Puerto Rico if an agreement was not reached by today at 3:00 pm.

5. Plaintiff is not seeking an *ex parte* order; rather, they request the issuance of a Temporary Restraining Order with notice to Defendants, specifically Camarero, and an Order to Show Cause for Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a)–(b).

6. Accordingly, this certification is submitted to comply fully with Rule 65(b)(1)(B) and to document the efforts made to notify opposing counsel prior to filing.

**Respectfully submitted**,

San Juan, Puerto Rico, this 31st day of October, 2025.

**García & Rivera LLC**
P.O. Box 9022074
San Juan, P.R. 00902-2074

Tel. 787-425-5424

**s/ CARLOS G. GARCÍA MIRANDA**
**USDC-PR 302101**
**E-mail:** cgarcia@garciariveralaw.com